

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

September 18, 2006

The Honorable Russell Wilson
Wilson County Attorney
1420 Third Street
Floresville, Texas 78114

Opinion No. GA-0460

Re: Whether a county attorney may accept appointment as a voluntary ombudsman for the National Committee for Employer Support of the Guard and Reserve (RQ-0458-GA)

Dear Mr. Wilson:

You ask whether a county attorney may accept appointment as a voluntary ombudsman for the National Committee for Employer Support of the Guard and Reserve ("ESGR").[1]

ESGR was created in 1972, under Department of Defense ("DoD") directive 1250.1, as the lead DoD organization "to promote cooperation and understanding between Reserve component members and their civilian employers and to assist in the resolution of conflicts arising from an employee's military commitment."[2] "The primary means of assistance in preventing, resolving, or reducing employer and/or employee problems and misunderstandings . . . is done through a nationwide Ombudsman program." About ESGR, *supra* note 2; Request Letter, *supra* note 1, at 2. "ESGR has a national network of over 900 volunteer ombudsmen who help resolve issues between employers and their employees who serve in the National Guard and Reserve." About ESGR, *supra* note 2; Request Letter, *supra* note 1, at 2. "The Ombudsmen Services Program was established in 1974 to provide information, counseling, and informal mediation of issues relating to compliance with the Uniformed Services Employment and Reemployment Rights Act."[3] "The Ombudsmen Services Program provides information, informal mediation, and referral service to resolve employer conflicts. *ESGR is not an enforcement agency and does not offer legal counsel or advice.*" About OSP, *supra* note 3 (emphasis added). "More than 96 percent of all such requests for assistance are resolved in this informal process, without requiring referral to the Department of Labor for formal

---

[1]*See* Letter from Honorable Russell Wilson, Wilson County Attorney, to Honorable Greg Abbott, Attorney General of Texas, at 1 (Mar. 1, 2006) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]NAT'L COMM. FOR ESGR, WHAT IS ESGR? [hereinafter About ESGR], *available at* http://www.esgr.org/about ESGR.asp (last visited Sept. 5, 2006); *see* Request Letter, *supra* note 1, at 1–2.

[3]NAT'L COMM. FOR ESGR, ESGR PROGRAMS—OMBUDSMEN SERVICES [hereinafter About OSP], *available at* http://www.esgr.org/employers2/programs.asp?c=ombudsman.html (last visited Sept. 5, 2006).

investigation." *Id.* Your question implicates both article XVI, section 12 of the Texas Constitution and the common-law doctrine of incompatibility.

Article XVI, section 12 of the Texas Constitution provides that "[n]o member of Congress, nor person holding or exercising any office of profit or trust, under the United States, or either of them, or under any foreign power, shall be eligible as a member of the Legislature, or hold or exercise any office of profit or trust under this State." TEX. CONST. art. XVI, § 12. A county attorney, as an elected official, clearly holds an "office of profit or trust under this State." *Id.* art. XVI, § 12; *see id.* art. V, § 21. The question before us is whether a volunteer ombudsman for ESGR holds an "office of profit or trust, under the United States." *Id.* art. XVI, § 12.

In 1955 the Texas Supreme Court declared that "the determining factor which distinguishes a public officer from an employee is whether any sovereign function of the government is conferred upon the individual to be exercised by him for the benefit of the public largely independent of the control of others." *Aldine Indep. Sch. Dist. v. Standley*, 280 S.W.2d 578, 583 (Tex. 1955). In an opinion issued in 2003, this office said that a member of a local selective service board does not hold an office of trust under the United States "because a local board's governmental powers are exercised only in the event of [a] mandatory induction into the military services, and federal law does not today provide for conscription." Tex. Att'y Gen. Op. No. GA-0057 (2003) at 6. Thus, a member of a city council was not barred by article XVI, section 12 from simultaneously serving as a member of a local selective service board. *See id.* By contrast, a 1991 opinion of this office found that a justice of the Supreme Court of Texas was barred by article XVI, section 12 from serving as a member of the board of directors of the State Justice Institute because a member of that board was an appointee of the President, and the board members "are expressly charged with the duty to establish policy and funding priorities for the institute, to issue rules and regulations for the institute, and to distribute federal funds in the form of grants and cooperative agreements or contracts." Tex. Att'y Gen. Op. No. DM-49 (1991) at 6.

As we have indicated, an ombudsman for ESGR is a *volunteer*. *See* About ESGR, *supra* note 2; Request Letter, *supra* note 1, at 2. Federal law states that the Secretary of Defense may accept "[v]oluntary services to be provided for programs providing services to members of the armed forces." 10 U.S.C.A. § 1588(a)(3) (West 1998 & Supp. 2006). The same statute provides that with regard to a person performing voluntary services "the Secretary concerned may not . . . place the person in a policy-making position." *Id.* § 1588(b)(3)(A). Because an ESGR ombudsman does not offer legal counsel or advice, does not have enforcement authority, and, specifically by federal law, performs no policy-making function, he does not, in our view, exercise "any sovereign function of the government . . . [that is] largely independent of the control of others." *Aldine*, 280 S.W.2d at 583. As a result, he does not hold an "office of profit or trust, under the United States" in contravention of article XVI, section 12 of the Texas Constitution. TEX. CONST. art. XVI, § 12.

As to common-law incompatibility, there are three aspects: self-appointment, self-employment, and conflicting loyalties. *See* Tex. Att'y Gen. Op. Nos. GA-0307 (2005) at 3, GA-0224 (2004) at 2, GA-0032 (2003) at 4. Because a county attorney neither appoints nor employs an ESGR ombudsman, nor does an ESGR ombudsman appoint or employ a county attorney, the first two

branches of incompatibility are inapplicable.  As to the third aspect—conflicting loyalties—it is well established that its applicability requires that each position constitute an "office."  Tex. Att'y Gen. Op. Nos. GA-0350 (2005) at 4, GA-0273 (2004) at 3.  Because the position of ESGR ombudsman is not an office, conflicting loyalties incompatibility does not bar the simultaneous holding of the two positions at issue here.

We conclude that a county attorney is not barred by either article XVI, section 12 of the Texas Constitution or the common-law doctrine of incompatibility from simultaneously serving as a volunteer ombudsman for the ESGR.

### S U M M A R Y

A county attorney is not barred by either article XVI, section 12 of the Texas Constitution or the common-law doctrine of incompatibility from simultaneously serving as a volunteer ombudsman for the National Committee for Employer Support of the Guard and Reserve.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee